IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD DAVID RUFUS DAVIS, | : Civil No. 3:21-CV-1369 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| MORRIS L. HOUSER, et al., | : |
| Respondents | : |

## MEMORANDUM

Petitioner Gerard David Rufus Davis ("Davis"), a pretrial detainee confined at the State Correctional Institution, Benner Township, Pennsylvania, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The habeas petition challenges ongoing state criminal proceedings in the Court of Common Pleas of Franklin County, Pennsylvania.

The petition has been given preliminary consideration and, for the reasons discussed below, will be dismissed without prejudice because there continues to be an ongoing state court criminal proceeding. *See* Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.[1]

---

[1] Rule 4 states in pertinent part that: "The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Rule 1(b) permits application of these rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241.

I.  **Background**

Davis states that "this petition is regarding a[n] open case that I have not been taken to trial for yet." (Doc. 1, p. 1). The state court criminal matter is scheduled for trial on January 22, 2022. (*Id.* at p. 2). Davis asserts that his constitutional right to a speedy trial is being violated. (*Id.* at p. 6). He requests that this Court enforce his Sixth Amendment speedy trial rights and dismiss his state court criminal case. (*Id.* at p. 7).

An electronic search of the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch, indicates that the action Davis is challenging is pending in the Court of Common Pleas of Franklin County and bears docket number CP-28-CR-0001855-2018. Review of the docket reveals that the matter is awaiting trial and a recent docket entry on May 17, 2021 states: "Pre-Trial Conference Order (Jury Trial)."

II. **Discussion**

Because Davis is a pretrial detainee, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241. *See Glazewski v. United States*, No. 16-CV-3052, 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) (collecting cases). Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in

violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the state court electronic docket sheet and the contents of the habeas petition that Davis in engaged in ongoing criminal proceedings which implicate important state interests and is actively engaged in defense of those proceedings. At present, the matter is scheduled for trial. Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition and Davis' invitation to dismiss the criminal action against him. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

### III.     Conclusion

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: August 9, 2021